IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Rochelle Campbell Shields, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-3267 |
| Linear Mortgage LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 18) filed by Defendant Rosenberg & Associates, LLC ("Rosenberg") and the Motion for Leave to File First Amended Complaint ("Motion to Amend") (ECF No. 20) filed by Plaintiff Rochelle Shields.[1] Having considered the parties' submissions, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion to Dismiss will be denied as moot and the Motion to Amend will be granted.

Plaintiff brought this lawsuit against Defendants Rosenberg and Linear Mortgage, LLC to recover for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and related state consumer protection laws. ECF No. 1. Rosenberg timely moved to dismiss. ECF No. 18. In response to Rosenberg's motion, Plaintiff filed the Motion to Amend. ECF No. 20.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 16.

Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course," but the amendment must be made within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Because Plaintiff filed her Motion to Amend more than 21 days after the Motion to Dismiss was filed, and because Rosenberg has not filed written consent to the amendment, an amendment will be allowed only with the Court's leave. Rosenberg did not file a response in opposition to Plaintiff's Motion to Amend, and there is no suggestion that Plaintiff's amendment would be futile or unduly prejudicial. This is Plaintiff's first amendment. Nothing suggests that Plaintiff is seeking to amend for reasons "such as undue delay, bad faith or dilatory motive." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006). Thus, the Court finds that granting Plaintiff leave to file the First Amended Complaint comports with the principles of justice and fairness, as required by Rule 15(a)(2). Accordingly, the Motion to Amend (ECF No. 20) is **GRANTED**.

"When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded." *Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). "Yet, a pending motion to dismiss is not mooted under all

circumstances, and [d]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Due Forni LLC v. Euro Rest. Sols., Inc.*, No. PWG-13-3861, 2014 WL 5797785, at *2 (D. Md. Nov. 6, 2014) (alteration in original) (internal quotation marks omitted) (quoting *Venable*, 2014 WL 2452705, at *5). "Rather, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* (alteration in original) (quoting *Venable*, 2014 WL 2452705, at *5).

Comparing the proposed First Amended Complaint to the original Complaint, it is evident that Plaintiff has added substantial new allegations. Although it is unclear whether Plaintiff's amendment will cure the defects raised in Rosenberg's motion (the Court expresses no view on this point), the First Amended Complaint is sufficiently different from the Complaint for the Court to find that Rosenberg's Motion to Dismiss is moot. Accordingly, the Motion to Dismiss (ECF No. 18) is **DENIED AS MOOT**.

The Clerk of Court shall file Plaintiff's First Amended Complaint (ECF No. 20-1) and Rosenberg and Linear Mortgage shall respond to the First Amended Complaint by **June 7, 2024**.

Date: May 23, 2024                               /s/
                                                 Timothy J. Sullivan
                                                 Chief United States Magistrate Judge